UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MICHELLE ARYELLAH JOHNSON,

        Plaintiff,

    v.

TRAVIS ELTON, TROY BECNEL, and
JOSH JONES,

        Defendants.

Case No. 3:13-cv-2144-ST

FINDINGS AND
RECOMMENDATION

STEWART, Magistrate Judge:

    Plaintiff, Michelle Aryellah Johnson ("Johnson"), appearing *pro se*, has filed a Complaint against three defendants, Travis Elton, Troy Becnel, and Josh Jones (docket #2) and has applied to proceed *in forma pauperis* (docket #1). Because Johnson indicates that she has no income or assets, his application to proceed *in forma pauperis* should be granted. However, for the reasons set forth below, her Complaint should be dismissed for failure to state a claim and with leave to file an amended complaint.

**<u>STANDARDS</u>**

    A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

///

1 - FINDINGS AND RECOMMENDATION

///

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640. As the Ninth Circuit has instructed, courts must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F3d 338, 341 (9th Cir 2010). Nonetheless, in order to state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" FRCP 8(a)(2). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), citing *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*, quoting *Twombly*, 550 US at 555. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*, quoting *Twombly*, 550 US at 570.

## FINDINGS

### I. Failure to State A Claim

Although Johnson used the form Complaint provided by this court for *pro se* litigants, it is largely incomprehensible. As a basis for jurisdiction, Johnson checked the box on the form designating federal question jurisdiction and then lists the following statues as the basis for that jurisdiction: 42 USC § 1983, the Rehabilitation Act of 1973, 29 USC § 794, the Americans with

Disability Act, 42 USC §§ 12101-12213 ("ADA"), and the Israeli Law of Return. The three claims alleged in the Complaint all arise from an apparent arrest on or about August 25, 2012, that prevented Johnson from traveling to Israel, and each claim attempts to address several different alleged legal theories.

As best as this court can piece together, Johnson seems to believe that, by conspiring against – and eventually arresting – Johnson, defendants violated various legal rights and guarantees. The Complaint seeks, in part, declaratory relief that the judgment and conviction in a criminal case was unconstitutional.[1] That criminal case, *State of Oregon v. Johnson*, Wasco County Circuit Court Case No. C-1200227, is currently on appeal with the Oregon Court of Appeals, Case No. A153245, and involves two assault convictions entered against the defendant, Howard Martin Johnson, Jr., on September 13, 2012. The State of Oregon's Offender Search database indicates that Howard Martin Johnson, who is currently on probation, uses a number of aliases, including the names "Michelle Johnson" and "John Mauritz Hummasti." In late 2006, John Mauritz Hummasti filed a case in this court, *Hummasti v. Ali, et al.*, Civil No. 3:06-cv-01710-BR, against various defendants alleging various constitutional claims. In that case, Johnson (a.k.a. John Mauritz Hummasti, a.k.a. Howard M. Johnson, Jr.) filed a motion for a protective order "to allow Plaintiff's 'Safe Passage and Return' to and from the State of Israel, via the Consulate Generals' office in Los Angeles, CA" (Civil No. 3:06-cv-0170-BR, docket #166). That motion was denied on August 20, 2012 (docket #168).

---

[1] To the extent that Johnson's claims challenge the validity of her conviction, she may not bring a civil suit, until the conviction has been set aside. *Heck v. Humphrey*, 512 US 477, 486-87 (1994).

3 - FINDINGS AND RECOMMENDATION

In the present case, Johnson alleges that she[2] was arrested five days after that motion was denied, on August 25, 2012, which seems to be the culmination of the predicate acts which form the basis of her claims in this case.  Specifically, Johnson alleges that, by conspiring against and arresting Johnson, defendants were violating Johnson's "right to be free from abuse, to exercise the right to return to the State of Israel [and] to enforce a contract of marriage" (Claim I); and were "interfering with or tampering with a witness . . . [and] unlawfully preventing [Johnson] from traveling in or through interstate commerce (Claim II), and violated Johnson's "right to obtain medical care in the state of Israel, to return to Israel" and prevented Johnson "from completing [an] asylum-refugee – displaced person application . . . ." (Claim III).  None of these allegations, as presently pled, states any cognizable claim.

A.     Claim I

Claim I alleges that "defendants conspired under the color of law to violate plaintiff's right to be free from abuse, to exercise the right to return to the State of Israel."  It further alleges that defendants violated Johnson's "right to enforce a contract of marriage in violation of 42 USC § 1981 and 42 USC § 1985" by "unlawfully preventing [her] from traveling" to Los Angeles, California, to consult with the Consulate General of Israel and also traveling to/from Israel.  The Complaint does not allege the factual basis of any right to return to Israel, the source of that right under United States (as opposed to Israeli) law, and what any of the defendants did to interfere with that alleged right.

Johnson apparently is attempting to state a claim against defendants based on violations of 42 USC § 1981 or § 1985.  However, it is far from evident that Johnson can plead the elements necessary to state any such claim.  Although § 1981 does not itself use the term "race,"

---

[2] Johnson has used aliases that are both male and female names.  Since the name used by Johnson in this case appears to be female, this court will refer to Johnson as a female.

it is intended and has been interpreted to prohibit race discrimination. *Keating v. Carey*, 706 F2d 377, 384 (2nd Cir 1983) (noting that § 1981 was enacted in an effort to address the problem of racial discrimination against African-Americans). The Complaint not only fails to allege Johnson's race or alienage, but also fails to allege that any action by any defendant was motivated by some racial animus. The violation of a marriage contract, without a racial basis, simply does not state a § 1981 claim.

Even if it did, Johnson does not describe her contract of marriage and how each defendant violated that contract by preventing her from traveling. It appears that she may be claiming some spousal right to travel to Israel by virtue of her marriage. However, this court is unaware of any right to travel by virtue of a marriage contract.

To establish a § 1985(3) claim, a plaintiff must prove:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Sever v. Alaska Pulp Corp.*, 978 F2d 1529, 1536 (9th Cir 1992) (citation omitted).

In the Ninth Circuit, the plaintiff must also establish "a deprivation of [the protected right which was] motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus.'" *Id*, quoting *Griffin v. Breckenridge*, 403 US 88, 102 (1971). Mere allegations of a conspiracy unsupported by admissible evidence are insufficient to establish a claim. *See, e.g., Karim-Panahi v. Los Angeles Police Dept.*, 839 F2d 621, 626-24 (9th Cir 1988). "The absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Caldeira v. Cnty. of Kauai*, 866 F2d 1175, 1182 (9th Cir), *cert denied*, 493 US 817 (1989) (citation omitted). Johnson has failed to plead that defendants'

5 - FINDINGS AND RECOMMENDATION

actions were motivated by some racial class-based animus and has pled the mere allegation of a conspiracy.

### B.    Claim II

Claim II fares no better.  It alleges that defendants "failed to protect plaintiff from physical abuse of Karrie Elizabeth Swearingen, a wanted person" and to protect Johnson's property from theft by Swearingen.  However, none of the federal statutes cited by Johnson provide any right to such protection.  Furthermore, the Complaint fails to allege what any of the defendants did or did not do with respect to Swearingen.

This claim further alleges that "defendants unnecessarily and unlawfully threated to restrain (electronically taze) plaintiff and unlawfully assaulted and arrested the plaintiff without probable cause."  That allegation could conceivably support a claim under 42 USC § 1983 for an unreasonable seizure in violation of the Fourth or Fourteenth Amendment (which incorporates the Fourth Amendment to prohibit unreasonable searches and seizures by the states).  But Johnson does not allege such a violation.  A plaintiff asserting a claim for relief under § 1983 must allege facts showing "(1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F2d 1418, 1420 (9th Cir 1991) (citations omitted).  Johnson does not allege under color of what state law, if any, each defendant was acting.  Given that the address listed by Johnson for each defendant is the same address as The Dalles Police Department, defendants may be police officers employed by The Dalles acting under color of Oregon law.  However, the Complaint fails to allege that fact.

6 - FINDINGS AND RECOMMENDATION

Claim II also alleges that defendants interfered with or tampered "with a witness" (presumably Johnson) in violation of 18 USC § 1512, as well as 42 USC § 1981 and § 1985, by preventing her from traveling to California and Israel. As discussed above, absent an allegation of racial animus, Johnson fails to state any claim under § 1981 or § 1985.

The other statute, 18 USC § 1512, provides criminal liability for witness tampering. Private citizens, such as Johnson, have no private right of action for violations of criminal statutes. The Supreme Court has held that "in American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 US 614, 619 (1973). In other words, a private litigant "lacks standing to compel an investigation or prosecution of another person." *Tia v. Criminal Investigation Demanded as Set Forth*, 441 Fed App'x 457, 458 (9th Cir 2011); *see also OuYoung v. Vasquez*, No. 12–CV–2789, 2012 WL 5471164, at *5 (ND Cal Nov. 9, 2012) (dismissing claim because "this Court has found no authority to support Plaintiff's claim that a private right of action exists under [18 U.S.C. § 1512(b), (c) ]."). Thus, a private citizen such as Johnson lacks standing under Article III of the United States Constitution to bring any claim for violation of a criminal statute.

Claim II adds that defendants knew that Johnson "is a vulnerable person with disabilities as defined by" the ADA, the Rehabilitation Act, and ORS 124.100-140 and "would react to threats of restraint in such a manner as to justify their assaulting and arresting" her due to her Post Traumatic Stress Disorder ("PTSD"). Again, these allegations far fall short of alleging the necessary elements of a claim under any of those statutes.

Title II of the ADA and the Rehabilitation Act "prohibit discrimination on the basis of disability." *Lovell v. Chandler*, 303 F3d 1039, 1052 (9th Cir 2002), *cert denied*, 537 US 1105 (2003). "To establish a violation of Title II of the ADA, a plaintiff must show that: (1) she is a

7 - FINDINGS AND RECOMMENDATION

qualified individual with a disability; (2) she was "excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (3) such exclusion or discrimination, or denial of benefits was because of [her] disability." *Simmons v. Navajo Cnty., Ariz.*, 609 F3d 1011, 1021 (9th Cir 2010) (citations omitted). "To state a claim under the Rehabilitation Act, a plaintiff must allege '(1) [s]he is an individual with a disability; (2) [s]he is otherwise qualified to receive the benefit; (3) [s]he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance.'" *O'Guinn v. Lovelock Corr. Ctr.*, 502 F3d 1056, 1060 (9th Cir 2007). Whereas the ADA applies only to public entities, the Rehabilitation Act "proscribes discrimination in all federally funded programs." *Lovell*, 303 F3d at 1052.

Johnson does not allege that she was in any way denied participation in or the benefits of any government services, programs, or activities. None of the three defendants are identified in the Complaint as having any connection to any governmental or public entity. Even if they are employed by The Dalles, Johnson's allegations relate exclusively to a wrongful assault and arrest which has nothing to do with participating in or receiving the benefits of any government service, program or activity.

Furthermore, the ADA defines a "disability" as "a physical or mental impairment that substantially limits one or more major life activities," a "record of such an impairment," or "being regarded as having such an impairment." 42 USC § 12102(1); 29 CFR § 1630.2(g). Under the regulations, a "major life activity" means "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 CFR § 1630.2(i). The Complaint fails to allege sufficient facts to establish that her diagnosis of PTSD substantially limits one or more of her major life activities.

8 - FINDINGS AND RECOMMENDATION

For these reasons alone, Johnson has failed to state a cognizable claim under the ADA or the Rehabilitation Act.

Johnson also refers to unlawful conduct "as defined by ORS 124.100 to 124.140." Those statutes allow a civil action by a vulnerable person who suffers injury or damage due to physical or financial abuse against the person who caused abuse. Physical abuse includes an assault, ORS 124.105(a)(1), and a vulnerable person includes a "person with a disability who is susceptible to force, threat, duress, coercion, persuasion or physical or emotional injury." ORS 124.100(1)(e). Johnson alleges that her PTSD makes her a vulnerable person and, knowing that, defendants assaulted and arrested her. However, she does not allege which defendant did what or how each defendant damaged or injured her. Without those supporting factual allegations, she fails to state a plausible claim under ORS 124.100-140.

Finally, Johnson refers to a violation of ORS "430.743, .753, 430.755 [and] retaliation on person reporting abuse and ORS 430.765." These statutes generally deal with mandatory reporting of allegations of abuse of a person with a developmental disability, and ORS 430.755 specifically permits a private action against any person who "retaliates against any person because of a report of suspected abuse." Johnson does not allege that she reported any abuse of any person with a developmental disability. She alleges only that she suffered retaliation for reporting abuse, without specifying what she reported, to whom, and what happened as a result. Again, without alleging any supporting facts, such an "unadorned, the-defendant-unlawfully-harmed-me accusation" is insufficient to state a plausible claim.

Even if Johnson sufficiently alleged a claim for violation of a state law, this court may dismiss it anyway. If all federal claims are dismissed, then this court has the discretion under 28 USC § 1367 to reject supplemental jurisdiction over any remaining state law claims.

9 - FINDINGS AND RECOMMENDATION

///

///

      **C.**    **Claim III**

Claim III alleges that from August 1 to 25, 2012, "defendants conspired to violate [Johnson's] right to obtain medical care" in Israel and to "prevent [her] from completing [her] asylum-refugee displaced person application process begun on 22 August 2004." She alleges that the reason for her asylum-refugee displaced person application was her:

> status as a Jewish informant to the Shin Bet ("Shabak") and to the US Customs and US Dept. of Homeland Security against the Aryan Nations, the Order-Breuder Schweigen, the Aryan Brotherhood, and the nation of Islam related to their intent to use bio-terrorism or a nuclear threat to destroy the State of Israel and as related to the Alexander Michael Odeh Murder – domestic bombing case which plaintiff has informed the [FBA] concerning statements made by Robert Steven Manning, including Manning's threats to murder the plaintiff."[3]

As in the other two claims, Johnson fails to allege any supporting facts. It is not clear whether she applied for asylum in Israel or the United States, how each defendant interfered with that application process, why she required medical care in Israel (as opposed to the United States), and how she was damaged. But unlike the other two claims, this claim does not even state what law has allegedly been violated by this conspiracy. Thus, Claim III fails to state any potentially viable claim.

**II.**    **Dismissal Without Prejudice**

By failing to state any facts supporting each claim, the Complaint should be dismissed. However, before dismissing a *pro se* complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi*, 839 F2d at 623-24. A

---

[3] Robert Manning, a former Jewish Defense League activist extradited from Israel, was convicted in 1993 of mailing an explosive device that killed Patricia Wilkerson and is serving a life sentence. He also has been named by federal officials as the prime suspect, but never charged, in the 1985 bombing death of Alex Odeh, head of the Arab-American Anti-Discrimination Committee's western office in California.

*pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Id* at 623; *Lopez v. Smith*, 203 F3d 1122, 1130-31 (9th Cir 2000).

It is not clear whether the deficiencies in the Complaint are incapable of being cured by amendment. Therefore, dismissal should be without prejudice with leave to file an amended complaint.

## RECOMMENDATION

For the reasons set forth above, plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) should be GRANTED and the Complaint (docket #2) should be DISMISSED for failure to state a claim without prejudice and with an opportunity to file an amended complaint within a specified time period.

In order to give each defendant fair notice of the claims alleged against them, plaintiff should be advised that her amended complaint must set forth separate claims under each separate statute and identify the name and capacity of each defendant alleged to be liable in each claim. In addition, she must allege the factual grounds upon which each claim against each defendant is based, as well as the elements necessary to prove each legal theory supporting each claim. Plaintiff also should be advised that the amended complaint will operate as a complete substitute for the present Complaint, not as a supplement, and that her failure to timely file an amended complaint will result in the dismissal of this proceeding.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due Monday, January 06, 2014, and the Findings and Recommendation will go under advisement on that date.

11 - FINDINGS AND RECOMMENDATION

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a final Judgment.

DATED December 20, 2013.

s/ Janice M. Stewart

Janice M. Stewart
United States Magistrate Judge
