IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHELLE ARYELLAH JOHNSON**, <br><br> Plaintiff, <br><br> v. <br><br> **TRAVIS ELTON, et al.**, <br><br> Defendants. | Case No. 3:13-cv-2144-ST <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Janice M. Stewart issued Findings and Recommendation ("F&R") in this case on December 24, 2014. Dkt. 71. Judge Stewart recommended that Defendants' motion for summary judgment (Dkt. 39) be granted and that Plaintiff's motion to strike Defendants' motion for summary judgment and for sanctions for fraud on the court and the issuance of a writ of *habeas corpus* (Dkt. 55) be denied.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended

PAGE 1 – ORDER ADOPTING FINDINGS AND RECOMMENDATION

to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record." If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Plaintiff timely filed an objection. Dkt. 74. Plaintiff objected only to the portion of the F&R finding that the issuance of a writ of *habeas corpus* was not available to Plaintiff because she is not in custody. Plaintiff did not object to the portions of the F&R addressing the merits of Defendants' motion for summary judgment against her claims, Defendants' qualified immunity, or Plaintiff's motion to strike. Accordingly, the Court follows the recommendation of the Advisory Committee and reviews those portions of the F&R for clear error on the face of the record. No such error is apparent.[1] The Court, thus, ADOPTS those portions of the F&R.

---

[1] The Court notes, however, that page 11 of the F&R states that Plaintiff offers no evidence but her own speculation that any of Defendants knew Plaintiff was Jewish before her arrest on August 25, 2012, but page 12 of the F&R states that at Defendant Travis Elton's first encounter with Plaintiff (which occurred on August 6, 2012), Defendant Elton attempted to put Plaintiff in contact with a Rabbi at the Portland Police Bureau who wanted to assist Plaintiff. Defendant Elton is the officer who arrested Plaintiff on August 25, 2012. Viewing this evidence in the light most favorable to Plaintiff, it may be inferred that Defendant Elton knew that Plaintiff was Jewish before Plaintiff's arrest. This discrepancy is harmless, however, because

PAGE 2 – ORDER ADOPTING FINDINGS AND RECOMMENDATION

With respect to Plaintiff's objection that Judge Stewart erred in declining to issue Plaintiff a writ of *habeas corpus*, the Court has reviewed *de novo* those portions of the F&R, as well as Plaintiff's objection and Defendants' response. The Court agrees with Judge Stewart's reasoning that a writ of *habeas corpus* is not available under these circumstances and ADOPTS that portion of the F&R.

## CONCLUSION

The Court **ADOPTS** Judge Stewart's Findings and Recommendation, Dkt. 71. Defendants' motion for summary judgment (Dkt. 39) is GRANTED. Plaintiff's motion to strike and for sanctions for fraud upon the court (Dkt. 55) is DENIED. Further, the Court finds that any appeal from this Order would not be taken in good faith and Plaintiff's *in forma pauperis* status should be revoked pursuant to 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

DATED this 4th day of February, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

---

even if Defendant Elton knew Plaintiff was Jewish before Plaintiff's arrest, that fact does not affect the outcome of the motion for summary judgment.